UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60871-CIV-ALTMAN/Hunt

**ONYX ENTERPRISES INTERNATIONAL CORP.**,

 *Plaintiff*,
v.

**SLOAN INT'L HOLDINGS CORP.** *and*
**JONATHAN SLOAN**,

 *Defendants*.
_____/

## ORDER DENYING MOTION TO DEEM SUBSTITUTE SERVICE EFFECTIVE

The Plaintiff has filed a "Request to Deem Defendant Effectively Substitute Served" (the "Motion") [ECF No. 14]. But the Plaintiff's Complaint nowhere alleges that the Defendants are purposefully evading service—nor has the Plaintiff requested leave to amend. Because Fla. Stat. § 48.161(1) is clear that the Defendants' concealment activities must be identified in the Complaint, the Motion is **DENIED without prejudice**.

The Plaintiff, Onyx Enterprises ("Onyx"), avers that both defendants—Jonathan Sloan and Sloan International Holdings Corporation (Sloan Corp)—are Florida residents. *See* Complaint [ECF No. 1] ¶¶ 5, 7. Sloan Corp, the Complaint says, is incorporated in Florida, and its sole registered agent, director, and officer is Jonathan Sloan, a Florida resident. *Id.* ¶ 9. Both Defendants also apparently share the same Florida address. Mot. at 1. Because this address is within a "judicial district of the United States," Federal Rule of Civil Procedure 4(e) applies.

Under Rule 4(e)(2), a plaintiff may serve a complaint on a defendant in one of several ways: (a) by delivering a copy of the complaint and summons to the individual personally; (b) by leaving a copy of the complaint and summons at the individual's dwelling or usual place of abode

with someone of suitable age and discretion who resides there; or (c) by delivering a copy of the complaint and summons to an agent of the defendant. FED. R. CIV. P. 4(e)(2). The Rule does not permit service by certified or electronic mail. *Id.*

Rule 4(e)(1), on the other hand, allows for service in accordance with the laws of the state in which the federal court sits—here, Florida. Under Florida law, a defendant may substitute service if "the defendant is a nonresident or a resident concealing his whereabouts." *Dixon v. Blanc*, 796 F. App'x 684, 687 (11th Cir. 2020) (citing Fla. Stat. § 48.161(1)). To trigger substitute service under § 48.161, though, a plaintiff must "allege *in his complaint* the ultimate facts bringing the defendant within the purview of the statute." *Id*. (citing *Wiggam v. Bamford*, 562 So.2d 389, 390 (Fla. 4th DCA 1990)) (emphasis added). In other words, "the plaintiff must allege the non-residence or concealment of the defendant. If the plaintiff fails to do so or fails to seek leave to amend the complaint before attempting substituted service, the complaint is fatally defective and subject to dismissal." *Id.* (internal citations omitted).

In its Complaint, Onyx has not alleged that the Defendants are concealing their whereabouts. To the contrary, the Complaint avers that, after Onyx put the Defendants on notice of the (alleged) infringement, the "Defendants acknowledged receipt of both notices via return reply." Complaint [ECF No. 1] ¶ 67. Nor has Onyx sought leave to amend its complaint to allege the Defendants' concealment—a prerequisite to substitute service under Florida law. *See, e.g.*, *Jupiter House, LLC v. Deutsche Bank Nat. Trust Co.*, 198 So.3d 1122, 1124–25 (Fla. 4th DCA 2016) ("[T]he plaintiff failed to amend its complaint to allege the requisite allegations to support substitute service."); *Moss v. Estate of Hudson by and through Hudson*, 252 So.3d 785, 788 (Fla. 5th DCA 2018) ("When the complaint is devoid of the jurisdictional allegations required for substituted service, the defendant cannot be properly served under the substituted service statute.")

(citations omitted); *Taverna Opa Trademark Corp. v. Ismail*, 2009 WL 1220513, at *1 (S.D. Fla. April 30, 2009) ("Because the complaint lacks the necessary jurisdictional allegations, substitute service was not proper. Unfortunately, this deficiency cannot be cured by the subsequently filed affidavit, demonstrating the plaintiff's efforts to locate the defendant.").

Because Onyx filed its Complaint on April 29, 2020, the ninety-day deadline for service under Rule 4 expired on July 28, 2020. *See* FED. R. CIV. P. 4. Onyx, however, has not been idle: the Motion details *nine* separate instances in which Onyx—through its process servers—attempted to serve the Defendants. *See* Mot. at 1, 3, 5. This Court is satisfied, in short, that Onyx has been diligent in its efforts to serve—and that an extension of the service deadline is therefore warranted.

For these reasons, then, the Court **ORDERS AND ADJUDGES** as follows:

1. Onyx's Request to Deem the Defendant Served [ECF No. 14] is **DENIED without prejudice**.

2. Onyx shall, **by August 5, 2020**, either (i) amend its complaint to satisfy the prerequisites of Fla. Stat. § 48.161(1) *and* file an affidavit outlining the steps it has taken to comply with that statute, or (ii) move to stay the case pending service. If the Plaintiff does not comply with either option, the Complaint will be dismissed without prejudice and without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of July 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record