**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**FT. LAUDERDALE DIVISION**

**Case No.: 20-cv-60871-RKA**

ONYX ENTERPRISES INT'L, CORP., a New
Jersey corporation,

  **Plaintiff,**

**v.**

SLOAN INTERNATIONAL HOLDINGS CORP,
a Florida corporation, and JONATHAN SLOAN,
individually,

  **Defendants.**

---

**PLAINTIFF'S VERIFIED MOTION FOR ENTRY OF JUDICIAL DEFAULT AFTER SUSBSTITUTE SERVICE BY CERTIFIED U.S. MAIL**

  Pursuant to Rules 4(e)(2) and 55(a) of the Federal Rules of Civil Procedure and Section 48.161 of the Florida Statues, Plaintiff Onyx Enterprises Int'l, Corp. ("Plaintiff" or "Onyx"), by and through undersigned counsel, hereby moves for an entry of default judgment against Defendants Sloan International Holdings Corp and Jonathan Sloan.  In support thereof, Plaintiff states the following:

**PROCEDURAL HISTORY**

  1. On April 29, 2020, Plaintiff filed its Complaint against both Defendant Sloan International and Defendant Sloan, for trademark counterfeiting, trademark infringement, unfair competition, false designation of origin, dilution, and cybersquatting pursuant to the Lanham Act (15 U.S.C. § 1051, *et seq.*), and trademark infringement, unfair competition, and deceptive trade

1

practices pursuant to the common law of the State of Florida and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204, *et seq.* [DE 1]

2. Between May 2, 2020 and May 12, 2020 three attempts of personal service were made at 21397 NW 39TH Avenue, Miami Gardens, FL 33055. [DE 14, p. 1.]

3. After these first three service attempts at 21397 NW 39TH Avenue, Miami Gardens, FL 33055, Plaintiff attempted service at a different address. The address used in the next attempts was the same address where both Defendants were served in the prior-related action in the District Court of Colorado, Case No. 1:19-cv-2992-DDD-KLM. *Id. at 2*. Between June 6, 2020 and June 22, 2020 six attempts at personal service were made at 21403 NW 39TH Avenue, Miami Gardens, FL 33055. *Id.* at 3.

4. After executing new Summons pursuant to Section 48.161 of the Florida Statutes, Plaintiff sent a copy of the Complaint and Summons via certified mail to each Defendant in separate certified mail envelopes on July 9, 2020. *Id*. The Summons and Complaint sent to Defendant Sloan International via certified mail were received by an individual who signed on its behalf on July 18, 2020. *Id.* at 4.

5. The USPS attempted delivery of the Summons and Complaint sent to Defendant Sloan on July 14, 2020, and upon unsuccessful delivery, returned the envelope to the postal facility for pickup. Pursuant to the notice from the USPS, Defendant Jonathon Sloan only had though July 29, 2020 to pick up the certified letter. *Id.* Defendant Jonathon Sloan did not pick up the certified letter by this date.

6. The Complaint was sent to both Defendants via certified mail on July 8, 2020, which resulted in an unsuccessful delivery attempt on July 14, 2020. *Id.*

7. The Plaintiff reported these efforts to the Court and sought an order demming the Defendants served [DE 14]. On July 29, 2020 the Court entered an Order recognizing the eeforts to serve, but ruled that under Florida Law the Plaintiff must amend the complaint to plead the efforts of the Defendants to evade personal service of process before substitute service can be effective. (Order [DE 16])

8. In accordance with the Court's ruling, the Plaintiff amended the complaint and set forth the Defendants efforts to conceal their whereabouts and evade service of process (Am. Compl. ¶¶ 12-18 [DE 17]). That same day the Plaintiff sent the certified U.S. Mail the Amended complaint to Defendants, which was delivered on August 14, 2020 [DE 14].

9. On August 14, 2020, Plaintiff successfully served the Complaint on Defendant Sloan, individually and as the registered agent for Defendant Sloan International, via certified mail. [DE 18]

The following is in response to your request for proof of delivery on your item with the tracking number: 9414 8149 0227 4990 0625 51.

### Item Details

| | |
|---|---|
| Status: | Delivered, Left with Individual |
| Status Date / Time: | August 14, 2020, 2:40 pm |
| Location: | OPA LOCKA, FL 33055 |
| Postal Product: | First-Class Mail® |
| Extra Services: | Certified Mail™ |
| | Return Receipt Electronic |

### Shipment Details

| | |
|---|---|
| Weight: | 1.0oz |

### Destination Delivery Address

| | |
|---|---|
| Street Address: | 21403 NW 39TH AVE |
| City, State ZIP Code: | MIAMI GARDENS, FL 33055-1195 |

### Recipient Signature

| | |
|---|---|
| Signature of Recipient: | N. Gol / J. Sloan / covid-19 |
| Address of Recipient: | 21403 NW 39th e |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

(DE 18-1)

10. No attorney has entered an appearance on behalf of Defendant Sloan or Defendant Sloan International. Neither Defendant has filed any answer or response to Plaintiff's Complaint, pro se or otherwise, despite service of the Complaint being perfected on both Defendants on August 14, 2020.

### SUBSTITUTE SERVICE VIA CERTIFIED U.S. MAIL IS WARRANTED AND PROPER

Should a Florida resident conceal his whereabouts to evade service, substituted service may be granted as an exception to the general rule that the defendant must be personally served. *See Smith v. Leaman*, 826 So. 2d 1077, 1078 (Fla. 2d DCA 2002). "The statute contains three requirements: (1) the plaintiff must send notice of service and a copy of the process by registered or certified mail to the defendant; (2) the plaintiff must file the defendant's return receipt; and (3) the plaintiff must file an affidavit of compliance." *Id*. If a defendant fails to pick up certified mail prior to the postal service deadline, the Court may dispense of the requirement that a plaintiff file the return receipt. *See Wise v. Warner*, 932 So. 2d 591, 593 (Fla. 5th DCA 2006).

Here, the nine attempts to complete service on Defendants, the completed delivery of the letter sent via certified mail on Defendant Sloan International, and Defendant Sloan's unwillingness to pick up the certified letter from the postal service, are all indicative of the Defendants in this matter concealing their whereabouts to evade service. *See Smith*, 826 So. 2d at 1078. Plaintiff filed the return receipt for service via certified mail on Defendant Sloan International on July 23, 2020. [DE 14, p. 4] Despite notice to pick up the certified letter from the postal service by July 29, 2020, Defendant Sloan did not pick up the certified letter, and accordingly this Court may dispense of the requirement that Plaintiff file the return receipt as to Defendant Sloan. *See Wise*, 932 So. 2d at 593.

4

After that the Plaintiff, order Court Order [DE 16], amended the complaint to detail the Defendant, both Florida residents, concealing their whereabouts. *See e.g. Dixon v.Blanc*, 796 F. App'x 684, 687 (11th Cir. 2020) (*citing* Fla. Stat. § 48.161(1)). And then successfully delivered the Amended Complaint after timely filing it. Therefore, in compliance with *Smith v. Leaman*, 826 So. 2d 1077, 1078 (Fla. 2d DCA 2002) and *Dixon v. Blanc*, 796 F. App'x 684, 687 (11th Cir. 2020) the Plaintiff adopts and incorporated herein by reference its July 23, 2020 Status Report on Service [DE 15] to this Motion as evidence of compliance with the means to effect substitute service of process under Fla. Stat. § 48.161(1). Thus, the Plaintiff respectfully request this Court find substitute service proper and effective on the Defendants as of August 14, 2020.

### DEFAULT SHOULD BE ENTERED AGAINST BOTH DEFENDANTS

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Neither Defendant in this matter has filed a single pleading in their defense. This is despite receipt of the certified letter containing the Summons and Complaint by Defendant Sloan International on August 14, 2020. Defendant Sloan and Defendant Sloan International have failed to plead or "otherwise defend" against this action pursuant to Fed. R. Civ. P. 55(a). As a result of Defendant Sloan's and Defendant Sloan International's ongoing failure to failure to participate in these proceedings default is proper against both Defendants. *See e.g. Safeco Ins. Co. of Illinois v. Mobley*, 6:12-CV-651-ORL-37, 2012 WL 4932669, at *1 (M.D. Fla. Oct. 17, 2012) ("As set forth in the motion, Florida law provides for substituted service under the circumstances present here, and Safeco has complied with the statutory prerequisites. [citation omitted]. Absent any objection

from any party and based on the uncontradicted evidence presented, the Court finds the substitute service to be appropriate here.").

WHEREFORE, Plaintiff Onyx Enterprises Int'l, Corp. respectfully requests that the Court order the Clerk to enter default against Defendant Jonathan Sloan and Defendant Sloan International Holdings Corp. after substitute service.

### L.R 7.1(a)(2) CERTIFICATION

Counsel for Onyx attempted to confer with Sloan International Holdings Corp ("Defendant Sloan International") and Jonathan Sloan ("Defendant Sloan") (collectively "Defendants") regarding the relief requested in this Motion. On September 4, 2020, Counsel for Onyx, Nina P. Brewer, emailed Mr. Sloan to confer regarding whether or not Defendant Sloan or Defendant Sloan International objected to the relief requested herein. Mrs. Brewer also called and left two voicemails at both numbers that Onyx has on record for Defendant Sloan on September 4, 2020. Mrs. Brewer has not heard back from Defendant Sloan regarding his position on this issue. Considering counsel for Onyx's previous unsuccessful attempts to confer with Defendant Sloan on other issues in this case, it is likely that any further attempts to confer regarding the current Motion would similarly be futile.

### VERIFICATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 23, 2020. (Signature)

_____
Brandon J. Hechtman, Esquire (88652)

Respectfully submitted,

_____
Brandon J. Hechtman, Esquire (88652)
BHechtman@wickersmith.com
WICKER SMITH O'HARA
  McCOY & FORD, P.A.
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Telephone:     (305) 448-3939
Facsimile:     (305) 441-1745
Attorneys for Plaintiff

*Pro Hac Vice*

*/s/ Aaron Bradford*
Bradford, Esq.
Prevot, Esq.
BRADFORD, LTD
2701 Lawrence St.
Denver, CO 80205
Phone: (303) 325-5467
Fax: (844) 406-5294
Aaron@apb-law.com
Nina@apb-law.com
*Counsel for Plaintiff Onyx Enterprises Int'l, Corp*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on September 23, 2020, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

  I hereby certify that on September 23, 2020, a true and correct copy of the foregoing was served via email and Mail to:

## SERVICE LIST

Sloan International Holdings Corp
21403 NW 39TH Avenue
Miami Gardens, FL 33055

Jonathan Sloan
21403 NW 39TH Avenue
Miami Gardens, FL 33055

_____
Brandon J. Hechtman, Esquire (88652)
BHechtman@wickersmith.com